UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00009-GNS

RUSTY WEDDLE                                                                          PLAINTIFF


v.


BOBBY DUNBAR                                                                          DEFENDANT


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment (DN 32) filed by

Defendant Jailer Bobby Dunbar ("Dunbar"). The motion is ripe for decision. For the reasons

stated below, the motion is **GRANTED**.

### I.        BACKGROUND

Plaintiff, Rusty Weddle ("Weddle"), is a pre-trial detainee at the Russell County

Detention Center ("RCDC") bringing this action *pro se*. Weddle originally brought this claim

against several RCDC employees and various John/Jane Does. (Compl. 9-10, DN 1) Weddle

made several claims including that he was abused by RCDC staff, he was denied access to legal

materials, and that his legal mail was opened by RCDC staff.[1] (Compl. 9-10). Dunbar claims all

removal of Weddle's legal materials and mail was related to a safety concern because of a tip

that Weddle and/or his cellmates might start a fire using those materials. (Def.'s Mem. in Supp.

of Mot. for Summ. J. 2-3, DN 32-1 [hereinafter Def.'s Mot.]). Dunbar claims all materials were

returned shortly after the safety concern was cleared. (Def.'s Mot. 2-3).

---

[1] This Court previously dismissed all claims except Weddle's access to legal materials and legal
mail claim against Dunbar in his individual capacity. (Order, DN 12).

## II.    JURISDICTION

Weddle alleges claims arising under 42 U.S.C. § 1983. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "looking to the record as a whole, a reasonable mind could come to only one conclusion . . . ." *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 186 (6th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). "When moving for summary judgment the movant has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists 'a genuine issue for trial.'" *Id.* (citing *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)).

While the Court views the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-

moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## IV.   DISCUSSION

Weddle has two remaining claims in this action. First, Weddle asserts he was denied access to the courts because Dunbar denied him copies, a notary, and legal materials, and that some legal materials were confiscated. (Compl. 9-10). Second, Weddle claims Dunbar confiscated and opened Weddle's legal mail outside of his presence. (Compl. 9-10). The Court considers each argument in turn and considers whether a genuine issue of material fact exists to each claim.

### A.   Access-to-Courts Claim

Weddle contends that he was denied copies, a notary, and access to legal materials, and that some of his legal books and materials were confiscated. (Compl. 9-10). Weddle states that Defendant Dunbar ordered officers to confiscate his legal materials. (Compl. 9). He further states that Defendant Dunbar "has done everything possible to prevent [him] from filing the motions [he] needed to file including one motion that was to be filed within a time frame." (Compl. 9). Weddle states that his "motion of Discovery marked confidential, his 11.42 packet and several motions that [he] was in the process of filing pro se" were included among the confiscated documents. (Compl. 9). Weddle further states that "[t]he time aloud (sic) for [him] to file [his] 11.42 motion is almost up and [he is] not sure if it ever made it to the clerk's office . . . ." (Compl. 10). Weddle has not alleged, however, that Dunbar's actions have harmed him in any specific legal action. Dunbar admits to temporarily confiscating Weddle's mail and legal materials as a result of a tip that Weddle and/or his cell mates were planning to start a fire.

(Dunbar Aff. ¶ 6, DN 32-2). Dunbar claims no further confiscation of Weddle's legal materials has ever occurred at RCDC. (Dunbar Aff. ¶ 8).

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right of access to the courts is not equated with unlimited access to legal materials and assistance. *See Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). In order to state a claim for interference with access to the courts, a plaintiff must show actual injury. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[M]eaningful access to the courts is the touchstone, and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal quotation marks omitted) (citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citation omitted).

In this case, Weddle presents no evidence of actual prejudice towards him in any contemplated litigation. Weddle has not identified any prejudice Dunbar caused or that he prevented Weddle from filing any motion to the Court.[2] Further, Weddle admits he is represented by counsel as to the criminal charges against him. (Weddle's Resp. to Def.'s Req. for Admis.,

---

[2] While Weddle states Dunbar prevented him from filing motions "including one motion that was to be filed within a time frame" he has not alleged any actual prejudice to him in any specific litigation. (Compl. 9).

DN 32-3). Weddle cannot maintain a claim for denial of access-to-courts when the public defender's office is available to conduct research and give advice. *See Daniels v. Noyola*, No. 1:14CV-P141-GNS, 2015 WL 1003854, at *4 (W.D. Ky. Mar. 4, 2015) (citing *Caton v. Maze*, 995 F.2d 881 (8th Cir. 1993) (per curiam)). Weddle denies that he is represented by counsel in *this* action and points to a letter from the Department of Public Advocacy to establish this fact. (Pl.'s Resp. to Mot. for Summ. J. 3, DN 51). Weddle confuses his action for denial for access-to-courts in his criminal case with the present case. Weddle essentially claims a denial to access to courts action *within* this present action, which is beyond the scope of his Complaint. Instead, the record remains clear that Weddle was represented by counsel when he claims he was denied access-to- courts during the facts alleged in his Complaint.

Weddle also claims that Dunbar confiscated his "law book." (Compl. 10). Dunbar's claim, however, must be based on an actual denial of access to courts rather than denial of access to a law library or legal materials. S*ee Childs v. Pellegrin*, 822 F.2d 1382, 1385 (6th Cir. 1987). Finally, Weddle claims he was denied access to a notary. (Compl. 9). Despite Dunbar's contention that no case law exists on this issue, the Supreme Court has found that the state must provide notary services to indigent inmates. *Bounds*, 430 U.S. at 828. *See also Martucci v. Johnson*, 944 F.2d 291, 295 (6th Cir. 1991). This does not, however, mean that Weddle is relieved of his burden of showing an actual injury that resulted from his denial of access of a notary. *Thaddeus-X*, 175 F.3d at 394. As with his other claims, Weddle has shown no actual injury to his legal interests.

Therefore, Weddle has shown no evidence that he was denied access to courts. Even assuming Weddle could prove Dunbar confiscated his legal materials and denied access to a notary, Weddle must show actual prejudice and he is unable to do so. *Rutter*, 420 F.3d at 578.

Furthermore, Weddle cannot maintain an access-to-courts claim when he is represented by counsel in the criminal charges against him. *See Daniels*, 2015 WL 1003854, at \*4. Thus, there is no genuine issue of material fact and Dunbar's motion for summary judgment must be granted.

      **B.**       **Legal Mail Claim**

As to his legal mail, Weddle states as follows: (1) his legal mail was confiscated by several officers; (2) his legal mail from "the circuit clerk's office, Department of Public Advocacy, Dept. of Community based Services and more" was opened while he was not present; and (3) the legal mail he "received here is now being opened before it makes it to [him] . . . ." (Compl. 9-10). Weddle states that Dunbar "confiscated all [his] legal mail and stated all [his] legal mail would be confiscated as [he] received it." (Compl. 9-10).

"A prisoner's right to receive mail is protected by the First Amendment." *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992) (citations omitted). On the other hand, "[p]rison officials may, of course, impose restrictions that are reasonably related to the prison's security needs or other legitimate penological objectives." *Id.* (internal quotation marks omitted) (citation omitted). The Sixth Circuit has noted, "prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security." *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993) (citation omitted).

> The Supreme Court and this Circuit have repeatedly held that a prisoner has some First Amendment rights to receive mail, subject to the right of prison officials to open a prisoner's incoming mail in accordance with uniformly applied policies deemed appropriate to maintain prison security. That case law has also acknowledged that the opening of "legal mail" should generally be in the inmate's presence in accordance with appropriately drafted and uniformly applied regulations.

*Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)).

Dunbar has provided evidence of RCDC's uniform policy applied to legal mail in support of his position. (Dunbar Aff. ¶¶ 9-10). Dunbar claims that RCDC's policy is that legal mail is only opened in the presence of the inmate to whom it is addressed. (Dunbar Aff. ¶ 9). At RCDC, "legal mail" is considered to be mail addressed to an inmate from an attorney. (Dunbar Aff. ¶ 9). Dunbar claims legal mail does not include mail from the Circuit Court Clerk's office as nothing contained therein would be privileged. (Dunbar Aff. ¶ 10). Dunbar claims RCDC policy as to legal mail has been enforced at all relevant times. (Dunbar Aff. ¶ 10). Thus, Dunbar has provided evidence of a uniform prison policy with an eye towards maintaining security that provides additional protections for legal mail.

Weddle maintains a bare allegation that his legal mail was opened outside of his presence, but has not provided any evidence in support. While Dunbar must show there is no genuine issue of material fact, Weddle is not relieved of his burden of providing evidence that would support a jury verdict. *Anderson*, 477 U.S. at 256. Dunbar has provided evidence of a uniform policy related to prison security regarding legal mail and Weddle has provided no evidence beyond bare allegations that his mail was opened outside of his presence. Bare allegations are insufficient to survive a motion for summary judgment. *See Thaddeus-X*, 175 F.3d at 399.

Dunbar appears to leave open the possibility that RCDC staff may have opened Weddle's mail from the Circuit Court Clerk's office. (Def.'s Mot. 5-6). Even if this fact were true, however, it would not defeat the motion for summary judgment. *See ACLU Fund of Mich. v. Livingston Cty.*, 796 F.3d 636, 644 (6th Cir. 2015) (finding letter from a county clerk to a prisoner is not "legal mail" because a clerk is not someone who can provide legal advice about a prisoner's rights or direct legal services and is not someone with authority to take action on

behalf of a prisoner). Furthermore, RCDC policy of opening legal mail in the presence of inmates is constitutional. *Kensu*, 87 F.3d at 174 (citing *Wolff*, 418 U.S. at 539). In light of RCDC procedures regarding legal mail and the total lack of proof in support of Weddle's claim, the Court finds no genuine issue of material fact, and Dunbar's motion for summary judgment must be granted.

## V.    CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Dunbar's Motion for Summary Judgment (DN 32) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**

April 5, 2016

cc:     Plaintiff, *pro se*
        counsel of record

8